The Judges delivered their opinions.
JUDGE TUCKER.
Ware, as executor of Digges, brought an action of debt against Croxton, executor of Dunn, on 58 *a judgment alleged to have been obtained by him at a quarterly session Court, held in the County of Essex, in the month of August, 1788, against the said Dunn, in his life-time. The defendant pleaded no such record as by the declaration is supposed. The plaintiff replied that there is such a record; and this he is ready to verily by a transcript of that record, and prays that that may be seen and inspected by the Court: there is no similiter entered on the part of the defendant. This, how-, ever, was probably aided by there being a negative and affirmative in the pleadings, as in the case of Brewer v. Tarpley.(a) But, at a subsequent day, “came the'parties, by their attorneys, and the Clerk of Essex County Court appeared in Court, and produced for the inspection of the Court the original papers filed in Essex Court, on which the judgment in the declaration is said to be rendered, together with the minute and record books, as kept by the said Clerk of Essex, and the Court having inspected the same, was of opinion, that there is not any such record as by the declaration is supposed, as the defendant in pleading hath alleged,” and thereupon gave judgment for the defendant, that the plaintiff take nothing bj' his bill, &c. from which judgment there is an appeal to this Court.
As the plaintiff did not think proper to spread the evidence upon which the Court grounded their decision upon the record, this Court must presume the judgment of the Court pronounced upon inspection of the records of the County Court of Essex to be correct. But, were this otherwise, the transcript of a record of a judgment entered at the Rules of July (were it certain that that entry was a confirmation of a formal conditional order, which is by no means, clear in my opinion) would not verify a judgment had at the succeeding August quarterly term, as the judgment stated in the declaration is charged to have been. Eor these judgments might have been set aside at the succeeding August term by the defendant’s appearance, and pleading to the action; and, if it were not, 59 it was the duty *of the Clerk to have entered it as of that term, pursuant to the directions of the act. (b) But it stands in the transcript inserted in this record, as a judgment entered at the Rules in July, instead of a judgment of the succeeding term. I am therefore of opinion the judgment should be affirmed.
JUDGE ROANE.
The declaration makes a profert of a transcript of a record, and proceedings containing a judgment rendered at the Essex August quarterly term; and the transcript filed in the cause is to be taken as that transcript: the plea is, that there is not any such record. The plaintiff replies that there is such a record, which he is ready to verify by a transcript of the record; and prays that that transcript may now be viewed and inspected .by the Court.
This would seem to tie down the judgment of the Court to be pronounced upon the transcript thus put in issue, and make the judgment of the Court as given upon the original papers irregular and improper, (c) The transcript thus referred to exhibits a judgment rendered at the Essex July Rules preceding the August term stated in the declaration, and corresponding in other respects with the judgment so stated; and the question is, whether this record sufficiently corresponds with that stated in the declaration. It was decided in Hunt v. Wilkinson, (d) that an office judgment is not to be considered as a judgment till the ensuing quarterly term has elapsed; that is, the operation of the general law, upon a judgment given at the Rules at a previous term, makes it, in effect, to have been given at such quarterly term. But the question still recurs, was it necessary to state all this, circuitously, in the declaration; or would it not suffice to take the more direct course of simply stating it to be a judgment of the quarterly term? Undoubtedly the latter course is sufficient: there are many instances in the law in which it. is sufficient to state the purport of a deed or document according to its legal operation. *33 In the case before us, there is no vari60 anee between *the transcript declared on, and that produced in evidence, that is not cured and remedied by the operation of a general law; there has been no omission in the declaration which is not justified on the ground of avoiding a useless and unnecessary circuity.
With respect to the reference in the County Court law;(a) it only refers to the District Court law as to the manner and terms of setting aside office judgments: it does not render it indispensable to the validity of an office judgment that it should be entered by the Clerk as of the last day of the term, as is provided in relation to judgments in the District Courts. There is then no misprision in not having done this in the case before us; at least none which will prevent our considering the judgment as being a judgment of the August quarterly term.
I am therefore of opinion that the judgment of the Court, on the plea of nul tiel record, is erroneous; that it ought to be reversed, and the cause remanded for further proceedings as to the two remaining pleas.
JUDGE FLEMING.
The only question in this case is, whether there be a record of such a judgment as is stated in the declaration? The plaintiff declared on a judgment recovered, at a quarter!}' session Court holden in the County of Essex, in the month of August, 1788, of William Dunn, (B.) administrator, &c. of William Young, jun. deceased, as well for a debt of 4001. specie currency, as 2101b. of tobacco, and Is. 6d. for costs. The defendant pleaded that there is not an}' such record of the recovery, &c. as by his declaration is above supposed: and the plaintiff replied, that there is such record of the recovery aforesaid remaining in the aforesaid Court of Essex County, &c. and prayed that the transcript of the said record might be viewed and inspected by the Court, &c. And, at a subsequent day, in presence of the parties, by their attorneys, the Clerk of Essex County Court appeared in the District Court of King 61 and Queen, where the suit *was pending, and produce, for the inspection of the Court, the original papers filed in Essex Court, on which the judg-ment in the declaration is said to be rendered, together with the minute and record books, as kept by the said Clerk of Essex, which, to be sure, were of equal validity with a transcript of the record; and the Court, having inspected the same, was of opinion that there was not any such record of the recovery of the 4001., 2101b. of tobacco, and Is. 6d. against the said William Dunn, as administrator of William Young, deceased, as by the declaration is supposed, and gave judgment for the defendant. From which judgment the plaintiff appealed to this Court. And a transcript of the record, inspected by the District Court, and on which judgment for the defendant was, in my conception, very improperly rendered, is filed in this cause, and is now part of the record before the Court; on inspection whereof it appears that, at the Rules held in the Clerk’s office of Essex County, on the 22d day of July, 1788, judgment was granted to the plaintiff Robert Ware, against William Dunn, (B.) administrator, &c. of William Young, deceased, for 4001. specie currency, for debt, and 2101b. of tobacco, and Is. 6d. for costs, which is precisely the amount of the judgment stated in the declaration; but it is objected that it is there stated to have been recovered in the month of August, 1788, when it appears by the record to have been entered at the Rules in the month of July preceding. But let us see what the law says on the subject. By the act concerning County and Corporation Courts of 1792, c. 27, s. 29, (b) it is enacted, that where any final judgment shall be entered up in the office, &c. by default, execution may issue thereon, after the next succeeding quarterly Court, unless the same be set aside during such Court, in like manner as office judgments in the District Courts may be set aside. By the District Court law, c. 66, s. 42, (c) all judgments by default, &c. obtained in the office, and not set aside on some day of the next succeeding Dis-62 trict Court, shall be entered *by the Clerk, as of the last day of the term; which judgments shall be final in actions of debt founded on any specialty, bill, or note in writing, &c. By the 69th section of the County Court law, the proceedings in the said Courts, in common law cases, shall, as nearly as may be, conform to the practice in the District Courts.(d)
This judgment, then, obtained at the Rules, in the office of Essex County, the 22d day of July, 1788, ought, according to the directions of the law, to have been entered by the Clerk, as of the last day of the succeeding quarterly term, which was in August following; because the defendant was at liberty, during all that term, to set the office judgment aside, by pleading to issue. And the Clerk, by not having so entered it, was guilty of a misprision, the meaning of which I take to be, a mistake, an oversight, an omission, or neglect, in entering up a record; and the failing, or neglecting, to enter the judgment before us, as of the last day of the August quarterly term, next succeeding the office judgment, was clearly, in my apprehension, a misprision; and the entry ought to have been amended, agreeably to the dircciions of the law; and, according to the plain construction of which, and to the decision in the case of Hunt v. Wilkinson, (e) the judgment was incomplete, and in abeyance, (nor could execution have been had thereon,) until the end of the August quarterly term next succeeding the office judgment. The plaintiff, then, in my conception, properly stated it, in his declaration, to have been a judgment recovered in the month of August, 1788. I am therefore of opinion, that the judgment of the District Court is erroneous, and ought to be reversed, and the cause remanded for further proceedings.
By the majority of the Court the judgment was reversed, and the cause remanded for further proceedings on the issue, which had not been tried, and on the demurrer, as to which there was no joinder.

 1 Wash. 363.

 1 Rev. Code, c. 66, s. 42, and c. 67, s. 50.

 See upon this subject the case of Burk v. Tragg, 3 Wash. 215.

 2 Call, 49.

 1 Rev. Code, p. 88, s. 29.

 1 Rev. Code, p. 88.

 Ibid. p. 80.

 1 Rev. Code, p. 92.

 2 Call, 49.